**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-CV-01263-PSF-MEH

ROBERT M. FRIEDLAND,

    *Plaintiff,*

v.

TIC - THE INDUSTRIAL COMPANY and GEOSYNTEC CONSULTANTS INC. f/k/a GEOSERVICES, INC.

    *Defendants.*

**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with the parties having consented to the entry of a Protective Order in this form without further notice, and the Court having found that the discovery of information that one or more parties may consider confidential or proprietary has been or may be requested in this case, and that the disclosures and distribution of such information should be reasonably restricted, the Court finds that good cause exists for entry of this Order.

    THEREFORE, IT IS HEREBY ORDERED that the parties, their attorneys, representatives, agents, experts and consultants shall be entitled to the benefits of and adhere to the following terms regarding documents, data, and other information and tangible things that are produced, made available for inspection, disclosed or filed in this case:

    1.    The protection afforded by this Order shall in no way affect a party's right to withhold documents and information as privileged under the work product doctrine or other

privilege or protection or as otherwise exempted pursuant to valid objection or under Fed. R. Civ. P. Rule 26(c).

2. Any party may designate material as "Confidential" and be entitled to the protections in accordance with this Order. Nothing in this Order grants non-parties access to the materials produced by the parties.

3. All information that is produced, made available for inspection, disclosed or filed by the parties in the course of discovery proceedings in this action and designated "Confidential" shall not be used or disclosed except as expressly permitted hereunder.

4. A party may designate as "Confidential" any document or other discovery material that is considered to contain proprietary and/or business information that is confidential and commercially sensitive in nature, or in which the producing party has a good-faith belief that said information is proprietary or personal to the designating party (or to a person to whom or which the party owes a duty of confidentiality) "Confidential Information," as used herein, shall refer to any document designated "Confidential," other discovery materials so designated (including deposition transcripts as specified below), and all copies and extracts thereof, and shall also refer to the information contained therein.  Discovery materials may be designated "Confidential" by stamping or otherwise marking "Confidential" on each page of the material in a manner that will not interfere with its legibility or by other means agreed upon by the parties.

5. If a party produces material that is entitled to be designated as "Confidential," but inadvertently fails to designate it as "Confidential," that party may subsequently designate such material as "Confidential," and such material will then be treated as "Confidential" pursuant to this Protective Order.

6. Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

    a. the parties and the attorneys for the parties in this action (including in-house counsel) and their paralegals, clerical, and other assistants who have a clear need therefore in connection with this action;

    b. persons retained by the parties or counsel for the parties to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided such persons have signed a Declaration under penalty of perjury in the form annexed hereto as "Exhibit A" attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

    c. stenographers engaged to transcribe depositions or other testimony conducted in this action; and

    d. a witness during the course of that witness's testimony or preparation therefore, provided such persons have signed a Declaration in the form annexed hereto as "Exhibit A" under penalty of perjury in the form attached attesting that they have read this Protective Order and agree to be bound by its terms.

7. During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for or an answer has disclosed Confidential Information. Such Confidential Information may be so designated either:

      a.    during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information" by the reporter; or

      b.    by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

Thereupon, counsel may request all persons, except persons entitled to receive Confidential Information pursuant to this Protective Order, to leave the room where the deposition is proceeding until completion of the answer or answers containing Confidential Information.

8.    Persons described in paragraph 6 above shall be restricted to using Confidential Information only for purposes directly related to this action and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

9.    Prior to any disclosure of Confidential Information to any person retained as an expert and/or consultant pursuant to subparagraph 6(b) above, counsel retaining such person shall cause such person to read this Protective Order and sign a Declaration in the

form attached hereto. Counsel shall retain the signed Declaration and produce it to opposing counsel upon request prior to such person being permitted to testify at deposition or trial, or at the conclusion of the case, whichever comes first.

10. All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing Confidential Information shall be filed under seal.  The parties agree that they will use their best efforts to disclose or include Confidential Information in documents submitted to the Court only when absolutely necessary, and agree, where possible, to redact Confidential Information, or to designate only the confidential portions of filings with the Court to be filed under seal. To facilitate compliance with this Protective Order by the Clerk's Office, material filed under the designation "Confidential" shall be contained in a sealed envelope consistent with the Court's rules and procedures bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall for docketing purposes contain an inventory of its contents that does not disclose the Confidential Information, and shall state thereon that it is filed under the terms of this Protective Order.

11. In the event that the requesting party disagrees with the designation by the producing party of any document or discovery materials as "Confidential" the requesting party's counsel shall advise counsel for the party in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within ten (10) days of receiving this written objection, the party shall advise whether the "Confidential" designation or redaction will be removed. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion or otherwise as the Court directs. During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information, subject to the provisions of this Protective Order.

12.     Within thirty (30) days of the resolution of this action by settlement or final judgment, all documents and discovery materials designated "Confidential" and any copies thereof shall be promptly returned to the party or, with and upon the prior consent of said entity, destroyed, provided that the requesting party certifies in writing that all designated documents and materials have been destroyed. Attorney work product containing or reflecting Confidential Information need not be transmitted to the party, but may be destroyed instead at the election of the party that creates such work product. Counsel for each party may retain one set of said documents and discovery materials, and any materials filed with the Court.

13.     Nothing contained herein shall preclude any party from using his, her or its own confidential information, documents or materials in any manner he, she or it sees fit, or from revealing such confidential information, documents or discovery materials to whomever he, she or it chooses, without the prior consent of any other party or the Court.

14.     Notwithstanding anything to the contrary that may be set forth herein, each party shall have the right to object to any discovery or to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential, proprietary or privileged material. This Order shall not be construed to require any party to produce any documents or information not otherwise relevant, material, non-privileged and the appropriate subject of discovery in this action.

15.     If any party or counsel receives a subpoena or other process from any person (including but not limited to natural persons, corporations, partnerships, firm governmental agencies, departments or bodies, boards or associations) seeking production of Confidential Information, the party and/or its counsel shall promptly give telephonic notice and written notice by overnight delivery and/or facsimile to counsel for all other parties, identifying the materials sought, and enclosing a copy of the subpoena or other process. In no event shall

production or other disclosure be made before counsel has been given the aforementioned notice and has had an opportunity to quash such subpoena.

16. The provisions of this Protective Order and the obligation to retain the confidentiality of the Confidential Information produced hereunder, absent written permission or further order of the Court, shall survive and continue to be binding after the conclusion of this action. This Court shall retain jurisdiction over the parties to the extent necessary to enforce said obligation.

Dated at Denver, Colorado this 27th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**SO STIPULATED:**

By:   s/ Terrence M. Ridley
Terrence M. Ridley, Esq.
Steven M. Kelso, Esq.
Wheeler Trigg Kennedy, LLP
1801 California Street, Suite 3600
Denver, CO 80202-2617

ATTORNEYS FOR DEFENDANT GEOSYNTEC CONSULTANTS

By:   s/ Colin C. Deihl
Colin C. Deihl, Esq.
Faegre & Benson, LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80202-4532

ATTORNEYS FOR DEFENDANT TIC - THE INDUSTRIAL COMPANY

By:   s/ R. Kirk Mueller
John D. Fognani, Esq.
R. Kirk Mueller, Esq.
Lauren C. Buehler, Esq.
Fognani & Faught, PLLC
1700 Lincoln Street, Suite 2222
Denver, CO 80203

ATTORNEYS FOR PLAINTIFF ROBERT M. FRIEDLAND

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-CV-1263 - PSF - OES

ROBERT M. FRIEDLAND,

*Plaintiff,*

*v.*

TIC - THE INDUSTRIAL COMPANY and GEOSYNTEC CONSULTANTS INC. f/k/a GEOSERVICES, INC.

*Defendants.*

---

**DECLARATION**

---

The undersigned hereby declares under penalty of perjury that he (she) has read the Stipulated Confidentiality Protective Order (the "Order") entered in the Federal District Court, District of Colorado, in the above-captioned action, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information made available to him (her) other than in strict compliance with the Order. The undersigned agrees to be subject to the personal jurisdiction of the Federal District Court, District of Colorado, for purposes of compliance with the Order. The undersigned acknowledges that any violation of the Order may be deemed a contempt of that Court.

DATED: _____

Name: _____