IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01263-PSF-MEH

ROBERT M. FRIEDLAND,

      Plaintiff,

v.

TIC – THE INDUSTRIAL COMPANY and
GEOSYNTEC CONSULTANTS, INC. f/k/a GEOSERVICES, INC.,

      Defendants.

_____

**ORDER ON DEFENDANT TIC'S MOTION TO COMPEL DISCOVERY**
_____

Before the Court is Defendant The Industrial Company's ("TIC") Motion to Compel

Discovery [Docket #143]. The matter is briefed and has been referred to this Court [Docket #144].

Oral argument would not materially assist the Court in adjudicating this motion. For the reasons

stated below, the Court **grants** in part and **denies** in part the Motion to Compel Discovery.

**I.    Facts**

Plaintiff filed this lawsuit seeking contribution from Defendants for monies he paid to the EPA

to settle a CERCLA lawsuit arising from his operation of the Summitville Mine. Plaintiff has

previously sued other parties involved in the Summitville Mine and has received varying amounts of

contribution.

Defendant TIC claims that, in a previous lawsuit, Plaintiff alleged that Bechtel Civil &

Mineral, Inc., ("Bechtel") controlled all operations at the Summitville site. Defendant TIC further

alleges that Plaintiff has changed his position in this lawsuit and states that TIC exerted design and

operational control at the site.  Defendant TIC filed its Motion for Summary Judgment (Doc. #62)

arguing that Plaintiff previously alleged that Bechtel held significant control over the site and that

certain actions giving rise to liability under CERCLA were directed and controlled by Bechtel.  Doc.

#63 at p. 10.  In response, Plaintiff argued, "Mr. Friedland admits that he stated in the Underlying

Litigation that Bechtel directed and controlled specific earthwork projects related to the clearing and

grading of pads and roadways, the barren pond, and the charcoal filter pond.  However, subsequent

investigations and discovery has shown that TIC, rather than Bechtel, was responsible for managing,

directing or conducting a substantial portion of the earthwork performed at the Site."  Doc. #97 at

p. 10.

Based on this shift in position from the Underlying Litigation, Defendant TIC seeks discovery

of all information related to this subsequent discovery and investigations, including *what* Plaintiff

knew about TIC's alleged control of the Site and *when* he knew it, either during the course of the

Underlying Litigation or this litigation.  Mot. to Compel at p. 4.  Defendant TIC specifically requested

the following documents:

> 1) all communications between and documents generated by Plaintiff, Plaintiff's counsel, and/or Plaintiff's experts prior to June 18, 2004 [the date Plaintiff commenced this lawsuit], that mention TIC;
>
> 2) the date on which Plaintiff formed his belief that TIC undertook general site responsibilities and managed and controlled construction activities at the Mine as described in Paragraphs 15-22 of the Amended Complaint; and
>
> 3) all documents discovered by Plaintiff after August 16, 2001 [the date Plaintiff entered into a settlement of his claims against Bechtel], that formed the basis of his belief that TIC exerted control at the Mine.

Mot. to Compel at p. 6.  In response, Plaintiff argues that he has not waived the attorney/client

privilege, that the documents requested are irrelevant or contain opinions rather than facts; and that

any relevant documents have previously been produced.  Plaintiff also asserts that his position in this

lawsuit is not inconsistent with his position in the Underlying Litigation because more than one party

can exercise control over a site, as contemplated under CERCLA.  Defendant TIC argues in reply that

Plaintiff has not identified those documents which support his shift in position.

## II.     Discussion

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to
> the claim or defense of any party, including the existence, description, nature, custody,
> condition, and location of any books, documents, or other tangible things and the
> identity and location of persons having knowledge of any discoverable matter.  For
> good cause, the court may order discovery of any matter relevant to the subject
> matter involved in the action.  Relevant information need not be admissible at the trial
> of the discovery appears reasonably calculated to lead to the discovery of admissible
> evidence.

Fed. R. Civ. P 26(b)(1).  The party objecting to discovery must establish that the requested discovery

does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1).  *Simpson v.*

*University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004).  Here, Plaintiff asserts that the information

sought is either irrelevant or privileged.  The Court will address each request in turn.

> **A.     All communications between and documents generated by Plaintiff, Plaintiff's
> counsel, and/or Plaintiff's experts prior to June 18, 2004 [the date Plaintiff
> commenced this lawsuit], that mention TIC.**

Defendant TIC argues that these documents, which would generally be subject to

attorney/client privilege or work-product privilege, are discoverable because Plaintiff has placed his

knowledge of Defendant TIC's involvement at issue.  The Court finds this request overly broad  for

the purpose Defendant TIC asserts of ascertaining what documents support Plaintiff's position and

for the purpose of determining whether the attorney/client privilege or work-product doctrine do not

3

apply.   Moreover, the documents Defendant TIC seeks are not limited to factual information concerning TIC's control over the site and thus include information properly protected by privilege for which Defendant cannot establish a waiver.  For this request, Defendant TIC's Motion to Compel is **denied**.

> **B.**     **The date on which Plaintiff formed his belief that TIC undertook general site responsibilities and managed and controlled construction activities at the Mine as described in Paragraphs 15-22 of the Amended Complaint.**

The Court also finds this request irrelevant because Plaintiff's subjective belief regarding TIC's control of the mine is not relevant to a factual determination of control under CERCLA.  While Defendant TIC may believe that Plaintiff's shift in allegations undermines his credibility, it is not sufficient to support an inquiry into Plaintiff's communications with his attorneys that represent his mental impressions and opinions, rather than mere facts.  For this request, Defendant TIC's Motion to Compel is **denied**.

> **C.**     **All documents discovered by Plaintiff after August 16, 2001 [the date Plaintiff entered into a settlement of his claims against Bechtel], that formed the basis of his belief that TIC exerted control at the Mine.**

This request relates to the "subsequent discovery and investigations" that Plaintiff relies on to explain his belief that Defendant TIC exerted control at the site.  Although Plaintiff alleges that its position in the Underlying Litigation and its position in this litigation are consistent, Plaintiff's former statements belie this allegation.  While it is possible that more than one entity can exert control over a site, as contemplated under CERCLA, Plaintiff alleges in its Response to Motion for Summary Judgement that "subsequent investigations and discovery has shown that TIC, rather than Bechtel, was responsible for managing, directing or conducting a substantial portion of the earthwork performed at the Site."  Doc. #97 at p. 10.  The statement that "TIC, rather than Bechtel, was

4

responsible . . ." indicates a shift in Plaintiff's position.  Notably, Plaintiff did not argue that TIC also exerted control, but rather, that TIC instead of Bechtel exerted control.  Defendant TIC  has the right to know what documents and investigations support this shift.

Plaintiff argues that these documents have been produced and cites to seven boxes of Bechtel documents which Plaintiff identified as generally relevant to this case.  Because Defendant TIC's questioning of Plaintiff's shift in position is appropriate, the specific documents relied upon by Plaintiff in reaching this conclusion, as well as any investigations that reached this conclusion, are proper subjects of inquiry.  Even if these documents have previously been produced, Defendant TIC can properly request that each document responsive to this request be identified.  In this regard, the Court finds *Cook v. Rockwell Int'l Corp.*, 161 F.R.D. 103 (D. Colo. 1995) to be directly on point. Plaintiff asserts that subsequent discovery and investigations support his allegations in this lawsuit; thus, Plaintiff is aware of which documents revealed in subsequent discovery and investigations are now at issue.  Plaintiff need not produce documents previously produced but must still identify those responsive documents specifically and indicate when they were previously produced.  To this extent, Defendant TIC's Motion to Compel is **granted**.

### III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant The Industrial Company's ("TIC") Motion to Compel Discovery [Filed October 11, 2006; Docket #143] is **granted** in part and **denied** in part.  Plaintiff shall respond to the requests so ordered no later than December 15, 2006.

5

Dated at Denver, Colorado, this 30th day of November, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge