IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01263-PSF-MEH

ROBERT M. FRIEDLAND,

    Plaintiff,

v.

TIC – THE INDUSTRIAL COMPANY and
GEOSYNTEC CONSULTANTS, INC. f/k/a GEOSERVICES, INC.,

    Defendants.

_____

**ORDER ON DEFENDANT TIC'S MOTION FOR SANCTIONS**
_____

Before the Court is Defendant The Industrial Company's ("TIC") Motion for Sanctions [Docket #210] based on Plaintiff's alleged failure to comply with this Court's Order requiring the production or identification of specific documents. The matter is briefed and has been referred to this Court [Docket #211]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion for Sanctions.

**I.**     **Facts**

The crux of this dispute is Plaintiff's alleged shift in position from its previous lawsuit in which Plaintiff alleged that Bechtel held significant control over the Summitville Mine site and that certain actions giving rise to liability under CERCLA were directed and controlled by Bechtel. Essentially, Defendant contends that if Bechtel held the control Plaintiff previously alleged, it is impossible for TIC to exert the control required for liability under CERCLA. Conversely, Plaintiff claims that it is relying on other work performed by TIC at the site, rather than the portions allegedly controlled by

Bechtel. These arguments concern the heart of this matter and are currently before District Judge Figa in TIC's Motion for Summary Judgment.

The instant motion resulted from Plaintiff's disclosures pursuant to this Court's Order dated November 30, 2006. TIC alleged that Plaintiff's shift in position in arguing that TIC was now liable instead of Bechtel required additional discovery, which Plaintiff argued had previously been produced. TIC's argument is supported by Plaintiff's assertions that "subsequent investigations and discovery has shown that TIC, rather than Bechtel, was responsible for managing, directing or conducting a substantial portion of the earthwork performed at the Site." Doc. #97 at p. 10.

This Court previously concluded that Plaintiff should identify all documents relating to the "subsequent discovery and investigations," because "Defendant TIC has the right to know what documents and investigations support this shift." Dock. #10, p. 5.

In response, Plaintiff submitted a letter identifying approximately 20,000 pages of documents, which TIC argues is not sufficiently specific. TIC filed this Motion for Sanctions arguing that Plaintiff's failure to list specific documents warrants a sanction finding Bechtel's control over the mine to be an established fact. This fact would allegedly require dismissal of Plaintiff's claims against TIC, because TIC could not also be liable under CERCLA, under the facts of both cases.

**II.   Discussion**

Rule 37 provides the Court with authority to sanction a party for discovery violations, including failure to comply with a Court order. Fed. R. Civ. P. 37(b). "[T]he chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus v. Reynolds*, 9658 F.2d 916, 920 (10th Cir. 1992) (quotations and citation omitted). Dismissal is an extreme sanction generally invoked in cases involving bad faith or willful failure to

comply with a court order. *See Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005).

Here, the Court does not believe that the sanction of establishing facts, which would effectively result in dismissal, is appropriate. Plaintiff produced a list of all responsive documents to Defendant. While Defendant asserts this list is insufficient, the Court does not conclude that Plaintiff refused to comply with a court order, only that the parties disagree as to the scope and intention of the order. Although Plaintiff has not acted in bad faith, the Court's inquiry does not end here.

The Court's Order centered on documents discovered after previous litigation supporting Plaintiff's assertion that "subsequent discovery" indicated that TIC also exerted control, as contemplated by CERCLA, at the Summitville Mine site. Plaintiff produced the list of all documents it relied on to state that TIC exerted control at the site. Defendant argues that some of these documents are from the previous litigation, while Plaintiff contends it did not review the documents until after the previous lawsuit involving Bechtel ended.

The confusion resulting from the arguments asserted is that Plaintiff previously stated that after 2001, it determined that TIC, *rather than Bechtel*, controlled certain operations. Plaintiff now restates this as learning that TIC *also* controlled certain operations. Plaintiff is apparently arguing that no control previously argued to be held by Bechtel is now alleged to be held by TIC. TIC's control is supplemental to Bechtel's control. To the extent that this argument is inconsistent with previous litigation, a discovery sanction is not the appropriate remedy. Rather, judicial estoppel or quasi-estoppel is TIC's proper avenue of relief, *see Strong v. Laubach*, 153 Fed. Appx. 481, 485-86 (10th Cir. 2005), and as stated in this Court's previous Order, issues of credibility cannot be resolved through the discovery process. Dock. #180, p.3.

The Court's Order contemplated new documents, unknown during the last lawsuit, that supported Plaintiff's claims in this lawsuit. Plaintiff identified all documents that support its allegations of control, and Defendant should have no trouble distinguishing those documents obtained after 2001 with those documents obtained prior to that date. The Court finds Plaintiff's compliance with this Court's Order dated November 30, 2006, acceptable and, therefore, **denies** the Motion for Sanctions as an improper avenue for the relief Defendant seeks.

## III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant The Industrial Company's ("TIC") Motion for Sanctions [Filed January 19, 2007; Docket #210] is **denied**.

Dated at Denver, Colorado, this 14th day of February, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge