IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01263-PSF-MEH

ROBERT M. FRIEDLAND,

    Plaintiff,

v.

TIC – THE INDUSTRIAL COMPANY and
GEOSYNTEC CONSULTANTS, INC. f/k/a GEOSERVICES, INC.,

    Defendants.

_____

**ORDER ON DEFENDANT TIC-THE INDUSTRIAL COMPANY'S
MOTION TO COMPEL PLAINTIFF TO RESPOND
TO ITS THIRD SET OF DISCOVERY REQUESTS**

_____

    Defendant TIC-The Industrial Company has filed a Motion to Compel Plaintiff to Respond to Its Third Set of Discovery Requests [Docket #218]. The matter is briefed and has been referred to this Court. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel.

**I.**     **Facts**

    Plaintiff filed this lawsuit seeking contribution from Defendants for monies he paid to the EPA to settle a CERCLA lawsuit arising from his operation of the Summitville Mine. Plaintiff has recovered varying amounts from other parties that he has allocated partially to contribution and mostly to defense costs for the previous actions.

    For discovery relating to the alleged damages in this case, Defendant TIC is seeking documents concerning the Summitville Mine (including meetings with government agencies and payments made by Plaintiff for cleanup costs), Plaintiff's communications with insurance companies,

and other documents. Defendant's Reply eliminates some of the requests in the Motion to Compel, and those will not be addressed here.

**II.     Discussion**

    A.     <u>Motion to Compel Verified Responses</u>

Plaintiff failed to provide a Fed. R. Civ. P. 33 Certification for his initial responses to the Defendant's discovery requests. In response to the Motion to Compel, Plaintiff provided the necessary certification. This certification is an unambiguous requirement that should not necessitate a motion to compel. The Court will allocate fees for any future violations of this type.

    B.     <u>Request for Production No. 7</u>

Defendant seeks information relating to Plaintiff's communications with insurance companies. Defendant's Motion will be granted as limited by Defendant's Reply: Documents concerning communications between Plaintiff (or his related companies) arising from or related to disputes with any insurance company that resulted in a lawsuit between Plaintiff and the insurer. Plaintiff states that there are four such lawsuits, either resolved or currently in litigation. If, among these documents, there are any as to which Plaintiff claims a privilege, he must provide an adequate and complete privilege log.

    C.     <u>Request for Production No. 15</u>

Defendant seeks documents Plaintiff provided to the Colorado Mined Land Reclamation Board. As a result of prior legal and administrative proceedings concerning the Summitville Mine, Plaintiff represents that responsive documents may be contained in the hundreds of boxes of documents he has received from third parties, including various government agencies. Plaintiff represents that those documents have been maintained precisely as they were received from the third

parties. Defendant contends that Plaintiff may not merely point to 1400 boxes of documents and say "have at it," citing *American Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 2007 U.S. Dist. LEXIS 3025 (N.D. Ill. 2007). The Court finds this case distinguishable in several respects. First, in that case, the party in possession of the boxes of documents was a successor to the entity that created and organized the documents. Here, Plaintiff is completely unrelated to the sources of the documents. Second, the party in possession of the documents had provided to the party requesting the documents a faulty index of the documents. Third, the quantity of the number of boxes was fundamentally different: 1400 boxes here, and over 19,000 in the *NWI-I, Inc.* case. Finally, in that case the court ordered an equal apportionment of costs between the two parties relating to review of the documents.

In the present case, the Court believes that as to the documents received from third parties, as long as Plaintiff has maintained them in the condition and manner they were received from the third parties, Rule 34(b) is satisfied by providing Defendant access to the documents. However, if the Plaintiff has created an index for the documents, or any non-privileged method of organization that would assist in determining what is in some or all of the boxes, this should be produced to the Defendant. As for any documents originally maintained by the Plaintiff and not received from third parties, Plaintiff must provide accurate and focused responses and direction, either producing relevant documents to Defendant or some other means to permit Defendant to readily locate responsive documents.

D.    Requests for Production Nos. 16, 22, 24, 25 and 26

The Court's order regarding these requests, which seek documents relating to Plaintiff's operator liability under CERCLA, is the same as for Request for Production No. 15. The Court emphasizes, however, that if Plaintiff has organized the documents in any way as to facilitate review

by the Defendant relating to specific areas of inquiry, Plaintiff must provide the Defendant access to such means. Further, as for any documents originally maintained by the Plaintiff, Plaintiff must provide accurate and focused responses and direction, either producing relevant documents (tied to each separate Request for Production) to Defendant or some other means to permit Defendant to readily locate responsive documents.

      E.      <u>Interrogatory Nos. 11 and 12</u>

These questions concern Plaintiff's ownership interest in various entities. Based on his Response to the Motion to Compel, the Court deems Plaintiff admits that he was a minority shareholder of GRL; SCMCI, GRI, Triangulum and Centaurus were all wholly owned by GRL; Plaintiff had no direct or indirect ownership interest of any type, and any time, in SCMCI, GRI, Triangulum, or Centaurus other than through GRL; and Plaintiff has never sold any of his shares of GRL. To the extent Plaintiff has not already done so, the Court directs him to explain his ownership interest in GRL (direct or indirect) for all years in which he has owned or controlled any interest whatsoever. Defendant represents that this admission will suffice in part for a complete response to these interrogatories.

      F.      <u>Interrogatory Nos. 13 and 14</u>

Plaintiff has represented that he has never had any ownership interest, either direct or indirect, in SCMCI, GRI, Triangulum and Centaurus other than through his interest in GRL. He has also represented that he has never sold any of his interest in GRL. Therefore, the Court deems his response to Interrogatory No. 13 as sufficient, unless Plaintiff identifies, in response to Interrogatory Nos. 11 and 12, any indirect interest in any of the aforementioned entities. As for Interrogatory No. 14, the Court grants the Motion to Compel and directs that Plaintiff provide a substantive response.

G. <u>Interrogatory No. 17</u>

The Court agrees with Plaintiff that this question, involving Plaintiff's activities other than his involvement with the Summitville Mine, does not seek relevant information. The Motion to Compel will be denied on this basis.

H. <u>Interrogatory No. 18</u>

This question deals with Plaintiff's financial dealings with Ivanhoe Capital Corporation, which Plaintiff describes as "his private and wholly owned company." The Court finds the information sufficiently relevant to require a substantive response from Plaintiff. The Motion to Compel is granted on this basis.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant TIC-The Industrial Company's Motion to Compel Plaintiff to Respond to Its Third Set of Discovery Requests [<u>Docket #218</u>] is **granted in part** and **denied in part** as specified. Plaintiff shall respond to the requests so ordered no later than March 19, 2007.

Dated at Denver, Colorado, this 2nd day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge