IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01263-PSF-MEH

ROBERT M. FRIEDLAND,

    Plaintiff,

v.

TIC – THE INDUSTRIAL COMPANY and
GEOSYNTEC CONSULTANTS, INC. f/k/a GEOSERVICES, INC.,

    Defendants.

_____

**ORDER ON DEFENDANT GEOSYNTEC'S MOTION TO COMPEL DISCOVERY**
_____

Before the Court is Defendant GeoSyntec Consultants, Inc. ("GeoSyntec")'s Motion to Compel Discovery Regarding Payments Allegedly Made by Plaintiff (Filed under Seal) [Docket #204; public entry at #207]. The matter is briefed and has been referred to this Court [Docket #208]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** as moot the Motion to Compel Discovery.

**I.    Facts**

Plaintiff filed this lawsuit seeking contribution from Defendants for monies he paid to the EPA to settle a CERCLA lawsuit arising from his operation of the Summitville Mine. Plaintiff has recovered varying amounts from other parties that he has allocated partially to contribution and mostly to defense costs for the previous actions.

Defendant GeoSyntec alleges that both the monies paid for response costs and defense costs were paid by Ivanhoe Capital Corporation. Defendant argues that Plaintiff potentially has no standing in this case because these payments may have been made by the corporation. Defendant alleges that

Ivanhoe Capital is a venture capital and project financing company owned by Plaintiff's family, while Plaintiff contends that he made all payments through his company, which "has no source of income or cash flow other than as received from or directed to the company by Robert Friedland, and serves no purpose other than to facilitate and process payments due from or receivables due to Robert Friedland." Response at 3.

The interrogatories and requests for production at issue concern the relationship of Mr. Friedland to Ivanhoe Capital and the payment of defense costs in the previous related litigation. Plaintiff argues that he has fully responded to these interrogatories and the information requested is only marginally relevant.

**II.     Discussion**

    A.     <u>Motion to Compel Verified Responses</u>

Plaintiff failed to provide a Fed. R. Civ. P. 33 Certification for his initial responses to Defendant GeoSyntec's discovery requests. In response to the Motion to Compel, Plaintiff provided the necessary certification. This certification is an unambiguous requirement that should not necessitate a motion to compel. The Court will allocate fees for any future violations of this type.

    B.     <u>Interrogatory No. 22</u>

> As of the date the settlement payment referred to in paragraph 4 of your Amended Complaint was made, state with respect to Ivanhoe Capital Corp.: (a) Its principal business address; (b) The number of shareholders; (c) The names of all officers and directors; and (d) The percentage of total shares held by You, and approximate value.

Plaintiff responds that he has provided all the information requested, except for the value of his shares, to which he objected as irrelevant. Yet, the Court finds the following information lacking: the principal business address; the names of all officers and directors; the approximate value of

2

Plaintiff's shares.

First, although Plaintiff argues that the address was provided in other documentation, Defendant should not be required to search other documents to find the address of Ivanhoe Capital Corp. when this information is readily available to Plaintiff and was specifically requested. Defendant should also not be required to assume the address on other documentation represents the principal business address. Second, Plaintiff states that he "is and always has been its president and director." Dock. #229, p. 3. This response simply does not address whether Ivanhoe Capital has any other officers or directors. Third, the Court finds that the value of Plaintiff's shares is relevant to this action in this regard. Plaintiff claims that Ivanhoe Capital has no outside business or income and simply handles his monies. Yet, the capitalization and control of Ivan Capital is directly relevant to whether Plaintiff and Ivanhoe Capital are not separate personalities, and thus do not have separate requirements for standing. *See generally Leonard v. McMorris*, 63 P.3d 323, 330 (Colo. 2003) (addressing liability of corporate officers and the corporation in the context of piercing the corporate veil). Whether Defendant's arguments in this regard will ultimately be successful is inconsequential at this stage. Defendant is entitled to gather the information relevant to whether Plaintiff and Ivanhoe Capital are as closely related as Plaintiff claims.

    C.    <u>Interrogatory No. 23</u>

> As of January 1st of each year between 1993 and 2000, the years during which You claim Your defense costs were incurred (as reflected on the spreadsheet labeled as RMFried 078360), state with respect to Ivanhoe Capital Corp.: (a) its principal business address; (b) The number of shareholders; (c) the names of all officers and directors; and (d) The percentage of total shares held by You, and approximate value.

Plaintiff's response to this interrogatory again fails to address whether any other officers or directors exist. Plaintiff also does not state whether the principal business address changed during

3

this time period, only that it has always been headquartered in Vancouver, British Columbia. This response is insufficient. As stated above, this information should be readily attainable and is relevant to the corporate structure of Ivanhoe Capital. Plaintiff's objection to the time frame and the approximate value of this shares is also overruled. Plaintiff does not dispute that the time frame set forth directly relates to the period in which he incurred defense costs. In addition, Defendant has only requested an approximate value of Plaintiff's shares, for each year. As discussed above, the information sought is relevant, and the time frame is not overly burdensome based on Plaintiff's stated time frame for incurring defense costs.

### D.     Interrogatory No. 24

In its Reply, Defendant GeoSyntec states that Plaintiff failed to fully respond to this request. To the extent that Plaintiff intended his response to this interrogatory to answer Interrogatory Nos. 22 and 23, the Court has considered his response above. To the extent that Defendant GeoSyntec seeks to compel additional information in response to Interrogatory No. 24, the Court will not consider the request at this time. This interrogatory was not addressed in Defendant GeoSyntec's Motion to Compel is, therefore, not properly before the Court, the information sought appears to be quite relevant to Defendant's asserted defense.

### E.     Request for Production No. 18

Plaintiff was asked to produce all documents establishing the identity of the payor of the $20,723,181 in response costs, including bank statements or wire transfers. Plaintiff responded that "Plaintiff has stated that he made the payment and is not obligated to verify this statement where no genuine question exists." Dock. #204, Exh. 7, p. 14. Plaintiff stated that he would produce cancelled checks or wire transfer instruction "if such can be located without undue effort." *Id.* In reply,

Defendant GeoSyntec acknowledges that it received documentation in response to this request and does not appear to argue that the information received is insufficient. The Motion on this request is, therefore, denied as moot.

### F. Request for Production No. 19

Plaintiff was asked to produce a copy of all documents establishing the identity of the payor of the $28,144,048 in defense costs, including any bank statements, cancelled checks, and wire transfers. Plaintiff argues that Defendant GeoSyntec received all documents relating to defense costs from a third party expert, as ordered by this Court in Docket #142. Defendant argues that more is required: that Plaintiff must produce bank records and other such information as is necessary to establish whether Plaintiff himself or Ivanhoe Capital paid these defense costs. Defendant also questions whether any such costs paid by Ivanhoe Capital were reimbursed by Plaintiff. As discussed above, this information is relevant to Plaintiff's claims and Defendant's asserted defenses, and is, therefore, proper.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant GeoSyntec's Motion to Compel Discovery [Filed January 15, 2007; Docket #204, public entry at #207] is **granted in part** and **denied in part** as moot. The Court declines to award fees at this time. Plaintiff shall respond to the requests so ordered no later than March 19, 2007.

Dated at Denver, Colorado, this 6th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge