IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01263-PSF-MEH

ROBERT M. FRIEDLAND,

      Plaintiff,

v.

TIC – THE INDUSTRIAL COMPANY and
GEOSYNTEC CONSULTANTS, INC. f/k/a GEOSERVICES, INC.,

      Defendants.
_____

**ORDER ON DEFENDANTS' JOINT MOTION TO STRIKE**
_____

Before the Court is Defendants' Motion to Strike Plaintiff's Designation of Rebuttal Expert Witnesses and to Preclude Designation of Further Experts [Docket #227]. The matter is briefed and has been referred to this Court [Docket #235]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion to Strike.

The instant motion relates in part to the history of discovery in this case and in part to the relevance of two rebuttal experts designated by Plaintiff. Regarding the timing, Defendants argue that Plaintiff improperly sought the extension of a deadline that did not exist because the Modified Scheduling Order did not contemplate rebuttal experts. Defendants further argue that the parties did not contemplate designating rebuttal experts when they agreed to the Modified Scheduling Order. Defendants also contend that Plaintiff was required to meet the "exceptional cause" standard referenced in the Modified Scheduling Order, rather than the "good cause" standard of Rule 16(b). In response, Plaintiff argues that the original Scheduling Order was not wholly superceded by the Modified Scheduling Order, and therefore, the requested extension was proper. Plaintiff states that

the deadline set forth in the Scheduling Order, thirty-three days after Defendants' designations, controls.

**I.      Timing of Disclosures**

On November 22, 2006, this Court granted Plaintiff's Motion for Extension of Time to Designate Rebuttal Experts. Plaintiff stated that the deadline was then November 20, 2006, and requested an extension to December 15, 2006. Defendants argue that Plaintiff misrepresented this deadline because the Modified Scheduled Order, agreed to by the parties and entered by the Court on June 26, 2006, did not contemplate rebuttal experts and, in fact, included a discovery deadline of November 17, 2006, prior to the alleged deadline for designation of rebuttal experts.

Defendants' argument on this point is unavailing. Any misstatement of fact by Plaintiff and assumption in error by the Court regarding this deadline should have been addressed by a Motion for Reconsideration within ten days after the Court's Order dated November 22, 2006, or at least mentioned at the status conference held in this case on November 20, 2006. The Court will not at this late date strike a designation by Plaintiff which was proper under the Court's prior Order, since Defendants could have sought relief or reconsideration of that Order over two months ago. Having failed to do so, Defendants have now waived this argument. Thus, Defendants Motion to Strike Plaintiff's Designation of Rebuttal Expert Witnesses on the ground of timeliness is **denied**.

**II.     Relevance of Rebuttal Experts Mr. Johnson and Mr. Gropper**

Defendants also argue that proposed testimony of the two expert witnesses, Mr. Johnson and Mr. Gropper, is irrelevant, because their opinions are intended to refute Defendants' alleged efforts to pierce the corporate veil, a legal theory which Defendants deny is at issue. Defendants' expert relies on the facts relating to Plaintiff's involvement at the Mine site to conclude that Plaintiff is liable

for the amounts paid and should not be able to seek contribution from other sources. In rebuttal, Plaintiff's experts opine that Plaintiff has kept the proper corporate formalities to avoid piercing the corporate veil and, therefore, is not liable in the same manner that the corporations of which he is a stockholder are liable. While understanding Defendants' arguments, the Court believes that, as expert witnesses, this issue is best left to the District Judge prior to trial through a separate Rule 702 motion. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 591 (1991) ("'Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.'") (citation omitted). Thus, Defendants Motion to Strike Plaintiff's Designation of Rebuttal Expert Witnesses on the grounds of relevance is **denied** without prejudice.

Defendants further seek to preclude Plaintiff from designating any additional experts. The Court established deadline of December 15, 2006, has long since passed, and designations at this point would be untimely. Because Defendants do not allege that any experts were designated after that deadline, the Court declines to issue an order that is self-evident and appears to be unnecessary.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Strike Plaintiff's Designation of Rebuttal Expert Witnesses and to Preclude Designation of Further Experts [Filed February 5, 2007; Docket #227] is **denied** as specified herein.

Dated at Denver, Colorado, this 21st day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge