IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 04-cv-01263-REB-KLM

ROBERT M. FRIEDLAND,

    Plaintiff,

v.

TIC – THE INDUSTRIAL COMPANY; and
GEOSYNTEC CONSULTANTS INC., f/k/a Geoservices, Inc.,

    Defendants.

## ORDER GRANTING DEFENDANTS' JOINT MOTION
## FOR SUMMARY JUDGMENT ON DAMAGES

**Blackburn, J.**

The matter before me is **Defendants' Joint Motion for Summary Judgment on Damages** [#153], filed October 30, 2006. I grant the motion.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party which does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Id.* at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

### III. ANALYSIS

Plaintiff, a former director and officer of the Summitville Consolidated Mining Company, was sued in a cost recovery action related to cleanup of the Summitville Mine Superfund Site. That cost recovery action, *United States v. Friedland,* Civil Action No. 96-cv-01213-EWN-OES (D. Colo.), ultimately was resolved by consent decree, pursuant to which plaintiff agreed to pay $20,723,181 in recovery costs.

While that case was still pending, plaintiff and others filed suit in Montana state court against Industrial Constructors Corp. ("ICC") and its insurer, United States Guaranty and Fidelity Corp. ("USF&G"), among others, seeking indemnification

pursuant to a contract for work performed by ICC at the site.  Not long after the cost recovery action was resolved, the plaintiffs in the Montana suit settled their claims against ICC.  As part of that agreement, ICC assigned its claims against its insurers, including USF&G, to plaintiff.  Plaintiff subsequently settled the assigned claims against USF&G.  In 2002, plaintiff initiated another action, under his employer's liability insurance policy, against The Travelers Indemnity Company and related entities ("Travelers") in Colorado state district court.  That case also was ultimately settled.[1]  It is undisputed that as a result of the USF&G and Travelers settlements, plaintiff has recovered more than he agreed to pay in recovery costs.[2]

In the instant suit, plaintiff seeks contribution from defendants pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9613(f)(1) & (f)(3)(B).  CERCLA provides, in relevant part, that the settlement of claims for contribution thereunder "does not discharge any of the other potentially liable persons . . ., but it reduces the potential liability of the others by the amount of the settlement."  *Id.* § 9613(f)(2).  ***See also United States v. Burlington Northern Railroad Co.***, 200 F.3d 679, 697 (10th Cir. 1999).  Defendants now move for summary judgment arguing that, having received via settlement more than he was ordered to pay in damages, plaintiff is entitled to no further recovery.  Plaintiff does not

---

[1] In addition, plaintiff has settled with a number of other defendants for activities related to the Summitville Mine.

[2] It is not necessary for purposes of resolving the present motion to reveal the exact dollar amounts of either of these settlements.  Nor is the mere fact of the existence of a settlement confidential under either agreement.  For these reasons, **Defendant TIC - The Industrial Company's Motion To Remove Confidential Designation from Travelers and USF&G Settlement Agreements (Filed Under Seal)** [#196], filed January 2, 2007, will be denied as moot.

3

dispute that defendants are entitled to credit for some portion of the settlements, counters that the amounts he recovered should be allocated between response costs and legal defense costs and that, given such allocation, he still has compensable damages as against these defendants.

The parties agree that neither the Travelers nor the USF&G settlement makes any express or implied allocation between indemnification for amounts plaintiff agreed to pay in the cost recovery action, on the one hand, and legal defense costs, on the other. Generally, a party can insist on a particular allocation of settlement proceeds as against a non-settling party only if it is "specifically stated in the settlement documents what allocations of damages were applicable to each cause of action." ***Hess Oil Virgin Island Corp. v. UOP, Inc.***, 861 F.2d 1197, 1209 (10th Cir. 1988). In the absence of such specific language, the non-settling party is entitled to full credit for the entire amount of the settlement. *Id*. On the other hand, if the harm to which the settlement is directed is divisible, settlement amounts may be allocated accordingly even in the absence of specific language in the settlement agreement. ***Burlington Northern***, 200 F.3d at 698. ***See generally***, RESTATEMENT (SECOND) OF TORTS § 433A ("Damages for harm are to be apportioned among two or more causes where: (a) there are distinct harms, or (b) there is a reasonable basis for determining the contribution of each cause to a single harm. Damages for any other harm cannot be apportioned among two or more causes.").

There is absolutely no indication that the settlement amounts plaintiff received are attributable to divisible harms in the sense contemplated by **Burlington Northern**.[3] Plaintiff argues that the case parallels **Burlington Northern** because his pleadings in the Travelers and USF&G lawsuits made separate claims for indemnification of response costs and recovery of defense costs. Plaintiff cites no authority and does not further expound or expatiate this "just so" argument, but it fails as a matter of simple logic. Without question, plaintiff's claim for defense costs arose proximately and directly from his liability for response costs. The two could not have been other than inextricably intertwined. Thus, plaintiff's claims are not divisible, and the general rule of **Hess Oil Virgin Island Corp.**, permitting defendants full credit for the amount of any settlement, applies in the absence of an express allocation in the settlement agreements themselves.[4]

My conclusion in this regard is bolstered by the recognition that contribution under CERCLA is available only for "necessary costs of response," *see* 42 U.S.C. § 9607(a)(4), and not for attorney fees or costs associated with defending the original

---

[3] In **Burlington Northern**, the court considered a non-settling CERCLA defendant's right to credit for the settlement of a co-defendant in regard to the Rocky Mountain Arsenal Superfund Site. The site was comprised of two distinct parcels: a pond impoundment on the western portion of the site, as to which defendants were found jointly and severally liable; and a plant impoundment at the eastern portion of the site, as to which only the settling defendant was found liable for recovery costs. **Burlington Northern**, 200 F.3d at 696. The Tenth Circuit affirmed the district court's conclusion that the harms caused by the two defendants were divisible between the two separate sites, and that credit for the settlement could be apportioned accordingly, even absent specific language in the settlement agreement to that effect. *See id.* at 697-98.

[4] The expert report of Garth Allen, submitted by plaintiff in support of his position that the settlement funds may be allocated between indemnification and defense costs, does not change this result. Given the silence of the settlement agreements regarding allocation, this testimony is far too speculative to be admissible and consequently, does not create a genuine issue of material fact for trial.

litigation, *see Key Tronic Corp. v. United States*, 511 U.S. 809, 817-19, 114 S.Ct. 1960, 1966-67, 128 L.Ed.2d 797 (1994); *Atlantic Richfield Co. v. American Airlines, Inc.*, 98 F.3d 564, 571 (10th Cir. 1996).[5]  Of course, a party may settle on terms other than those permitted by statute.  Nevertheless, when the statute sued under expressly excludes recovery of defense costs, a settling party would be well-advised to ensure that his settlement agreement makes the intended variance from the statute absolutely pellucid.[6]

Plaintiff argues in the alternative that the collateral source rule prohibits me from crediting defendants with any insurance payments received by him.  I wholeheartedly disagree.  CERCLA contribution actions such as this one are governed by federal law. 42 U.S.C. § 9613(f)(1).  Despite the fact that the collateral source rule has been applied under federal law in other contexts, *see Stanley v. Bertram-Trojan, Inc.*, 868 F.Supp. 541, 543 (S.D.N.Y. 1994), it has never been applied in the context of a CERCLA action, *see Raytheon Aircraft Co. v. United States*, 2007 WL 4300221 at *4 (D. Kan. Dec. 8, 2007) (slip op.) (citing *Vine Street, LLC v. Keeling ex. rel. Estate of Keeling*, 460 F.Supp.2d 728, 765 (E.D. Tex. 2006)).  Nor is it likely that it will be, considering that the

---

[5] There is a limited exception to this rule, which allows recovery of attorney fees incurred in identifying other potentially responsible parties, but there is no indication that this exception is implicated in this case.  *See Atlantic Richfield Co.*, 98 F.3d at 571.

[6] Plaintiff's argument that any allocation he might have bargained for would have been meaningless, since the settling defendants had no vested interest in how the settlement monies were allocated and would have agreed to any allocation he suggested (Plf. Resp. Br. at 16-17), is logically unsound.  As plaintiff himself recognizes, settlement agreement allocations are subject to judicial scrutiny.  *See Vitkus v. Beatrice Co.*, 127 F.3d 936, 944 (10th Cir. 1997).  Thus, contrary to plaintiff's argument, it is, in fact, quite likely that settling defendants, interested in preserving the integrity of their settlements, will not blithely agree to any allocation proposed by plaintiffs without regard to reasonableness.  *See id.*

collateral source rule derives from tort law, whereas CERCLA does not. *See Young v. United States*, 394 F.3d 858, 862 (10th Cir. 2005) ("CERCLA is not a general vehicle for toxic tort claims.").

In sum, plaintiff has not shown a genuine issue of material fact for trial with respect to damages. The settlement agreements into which plaintiff entered are attributable to common, indivisible harms and contain no express allocation as between recovery costs and defense costs. Accordingly, defendants are entitled to full credit for the amount of the settlements. Because those settlements collectively account for more than plaintiff agreed to pay out in recovery costs, he has no compensable damages to recover as against these defendants.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Joint Motion for Summary Judgment on Damages** [#153], filed October 30, 2006, is **GRANTED**;

2. That plaintiff's claims against defendants for contribution are **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** in favor of defendants, TIC – The Industrial Company and GeoSyntec Consultants, Inc., f/k/a Geoservices, Inc., and against plaintiff, Robert M. Friedland, as to all claims and causes of action asserted herein;

4. That all other pending motions in this lawsuit are **DENIED AS MOOT**, including, but not limited to,

    (a) **Defendant GeoSyntec's Motion for Summary Judgment** [#41], filed November 18, 2005;

(b) **Defendant TIC – The Industrial Company's Motion for Summary Judgment** [#62], filed February 8, 2006;

(c) **GeoSyntec's Motion To Strike Certain Exhibits To Plaintiff's Response in Opposition to Motion for Summary Judgment** [#76], filed February 22, 2006;

(d) **Notice of Errata and Motion To Substitute New Exhibit 10 to Plaintiff's Brief in Response to GeoSyntec's Motion for Summary Judgment** [#86], filed March 13, 2006;

(e) **Robert M. Friedland's Motion To Supplement the Record Regarding Defendant GeoSyntec Consultants Inc.'s Motion for Summary Judgment** [#148], filed October 27, 2006;

(f) **Robert M. Friedland's Motion To Supplement the Record Regarding Defendant TIC – The Industrial Company's Motion for Summary Judgment** [#149], filed October 27, 2006;

(g) **Plaintiff Robert Friedland's Motion for Summary Judgment Regarding Plaintiff's CERCLA Liability** [#150], filed October 30, 2007;

(h) **Plaintiff Robert Friedland's Motion and Memorandum for Partial Summary Judgment that Mr. Friedland's CERCLA Response Costs for Government Directed Remediation Were Consistent with the National Contingency Plan** [#152], filed October 30, 2006;

(I) **Defendant TIC – The Industrial Company's Motion To Remove Confidential Designation from Travelers and USF&G Settlement Agreements (Filed Under Seal)** [#200], filed January 3, 2007; and

(j) **Defendant TIC – The Industrial Company's Unopposed Motion To Submit Response to Plaintiff's Supplemental Authority** [#298], filed December 19, 2007;

5.  That the Trial Preparation Conference set for Friday, September 26, 2008, at 9:00 a.m., as well as the trial, currently set to commence on Monday, September 29, 2008, are **VACATED**; and

6.  That defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated January 18, 2008, at Denver, Colorado.

                                    **BY THE COURT:**

                                    s/ Robert E. Blackburn
                                    **Robert E. Blackburn**
                                    **United States District Judge**