IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 04-cv-01263-REB-KLM

ROBERT M. FRIEDLAND,

    Plaintiff,

v.

TIC – THE INDUSTRIAL COMPANY; and
GEOSYNTEC CONSULTANTS INC., f/k/a Geoservices, Inc.,

    Defendants.

## ORDER RE: DEFENDANTS' MOTIONS TO REVIEW TAXATION OF COSTS

**Blackburn, J.**

The matters before me are (1) **TIC – The Industrial Company's Motion To Review Taxation of Costs** [#315], filed March 5, 2008; and (2) **GeoSyntec's Motion To Review Taxation of Costs** [#319], filed March 18, 2008. I grant both motions in part and deny them in part.

Allowable costs are delineated under 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by section 1920. ***English v. Colorado Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001); ***Griffith v. Mt. Carmel Medical Center***, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses not specifically authorized by the statute are not recoverable as costs. ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990). Moreover, even where costs that are allowed by statute, the party

seeking costs still must demonstrate that the amount requested is reasonable.  ***See***

***U.S. Industries, Inc. v. Touche Ross & Co.***, 854 F.2d 1223, 1245 (10th Cir. 1988),

***overruled on other grounds as recognized by Anixter v. Home-Stake Prod. Co.,***

77 F.3d 1215, 1231 (10th Cir. 1996).

Both defendants protest the Clerk of the Court's decision regarding recovery of costs associated with deposition transcripts and copying costs.  ***See*** 28 U.S.C. §§ 1920(2) & (4).[1]  Both types of costs are recoverable under the statute when the transcripts or copies at issue were "necessarily obtained for use in the case." Defendants argue the Clerk of the Court erred by apparently accepting plaintiff's position that because none of the papers or deposition transcripts for which reimbursement is sought was used in connection with defendants' successful summary judgment motion, those costs should not be awarded.[2]  Although this practice may be "narrower than section 1920" requires, it is not necessarily an abuse of discretion to adhere to such a policy.  ***Merrick v. Northern Natural Gas Co., Division of Enron Corp.***, 911 F.2d 426, 434 (10th Cir. 1990); ***Hernandez v. George***, 793 F.2d 264, 268-69 (10th Cir. 1986).  Moreover, "[t]he most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court."  ***U.S. Industries, Inc***., 854 F.2d at 1246.  Beyond that, a prevailing party will need to more convincingly carry its

---

[1]  TIC also requested $160 for fees of the clerk, and $16,254.37 for "costs incident to the taking of depositions," but as its motion for review makes no mention of these items or amounts, I deem these requests to be abandoned.

[2]  The Clerk awarded TIC $27.60 attributable to the costs of copying one set of exhibits appended to defendants' summary judgment motion.  (***See* Order on Bill of Costs** [#314], filed February 27, 2008.)  GeoSyntec was awarded no costs.  (***See* Order on Bill of Costs** [#318], filed March 11, 2008.)

2

burden of proof to demonstrate necessity than either defendant has done on this record, with the one limited exception noted herein.

This case was decided on a relatively straightforward issue: whether plaintiff had received more in settlement proceeds than he had been ordered to pay in the original CERCLA cost recovery action. The relevant evidence defendants presented in support of their joint summary judgment motion consisted principally of plaintiff's answers to interrogatories and copies of his prior settlement agreements, which together were more than sufficient to prove defendants' entitlement to judgment. Nevertheless, TIC requested $92,256.91 in costs,[3] which it claims represents but a small portion of the total costs it incurred in defending the case, although it fails further to quantify what that fraction actually is. Yet more to the point, in support of its bill of costs, TIC presented a two-paragraph affidavit containing counsel's bare, unsubstantiated assurance that all the costs requested were necessarily obtained for use in the case. Counsel's *ipse dixit* is simply insufficient to sustain TIC's burden of proof regarding costs. TIC's motion to review the Clerk's decision sheds no further light on what documents specifically were obtained, what they were used for, or how they were actually necessary to the defense of this case.[4] In sum, given the paucity of

---

[3] This figure actually should have $96,268.80, as TIC incorrectly computed the costs of its request for photocopying charges. (*See* **TIC – The Industrial Company's Motion To Review Taxation of Costs** at 2, n.1 [#315], filed March 5, 2008.)

[4] The closest TIC comes to actually demonstrating necessity is its representation that deposition costs were necessary because they related to witnesses identified by plaintiff in the Pretrial Order, relying on Judge Daniel's decision in **Karsian v. Inter-Regional Financial Group, Inc.**, 13 F.Supp.2d 1085, 1088 (D. Colo. 1998). However, in **Karsian**, the parties had proceeded to trial, arguably giving Judge Daniel some insight into whether the witnesses, whether called to testify or not, were necessary in the sense contemplated by section 1920. TIC makes no effort here to identify plaintiff's witnesses beyond

substantiation in TIC's request for costs, I cannot find that the Clerk of the Court erred in denying most of the requested costs.  See **Wilmshurst v. Carriage Cove Ltd.,** 2000 WL 33710894 at *4 (D. Utah Apr. 24, 2000); **Green Construction Co. v. Kansas Power & Light Co.**, 153 F.R.D. 670, 683 (D. Kan. 1994).

GeoSyntec's motion, although more closely cabined to the issue on which summary judgment was granted, nevertheless fails to show that the threshold of necessity has been satisfied for the majority of the costs sought.  For example, although clearly the settlement agreements with Travelers and USF&G were relevant to plaintiff's claim for damages in this lawsuit, it is not self-evident that copies of the insurance *policies*, totaling over 2,300 pages, under which plaintiff sought to collect in the original cost recovery actions were necessary.  Although perhaps GeoSyntec could make a case that they were, it has not done so here.[5]  Similarly, GeoSyntec's global references to plaintiff's "defense costs" documentation and documents provided to its own expert for review are insufficiently detailed and specific to allow me to meaningfully

---

the bare recitation of their names, much less describe how their deposition testimony might actually have been thought to be necessary in terms of the issues likely to be raised at trial.  Thus, with the exception of the depositions of plaintiff himself and his damages expert, as set forth more fully *infra*, I cannot find that TIC is entitled to deposition costs.

In addition, the $15,370.81 in costs TIC's seeks related to "Heavy scanning/coding for loading into Introspect database"(*see* **TIC Motion**, App., Exh. 6), is not recoverable under section 1920.  While this document management system probably made counsel's job easier and more efficient, TIC has made no effort to show that this system was anything more than a convenience to counsel.  **See U.S. Industries, Inc.**, 854 F.2d at 1245.

[5]  Although I might be inclined to award GeoSyntec its costs in copying the other settlement agreements affecting plaintiff's CERCLA liability, even though those agreements were ultimately not central to my ruling on summary judgment, the fact that the copying charges associated with these documents were for interoffice copies, leads me, without further explanation or assurance from GeoSyntec to conclude that these most likely were additional copies made for counsel's convenience only.

determine that the Clerk erred in declining to award these costs.

With respect to the depositions of plaintiff and his expert, Garth Allen, however, I do find that copies of these transcripts could reasonably have been seen as necessary for use in the case at the time they were taken. Even so, I will deduct from each party's request any expenses not specifically related to the cost of the transcripts and their exhibits, including the cost of such items as an ASCII disc, the court reporter's fee, and delivery charges, none of which comes within the meaning of the statutory authorization to recover "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Accordingly, TIC is entitled to $1,728.40 for the transcript of plaintiff's deposition[6] and $452.54 for the transcript of the deposition of Mr. Allen.[7] (*See* TIC Motion App., Exh. 1 (of 1) at 8, 20-21 & 1 (of 3) at 9-10.) GeoSyntec is entitled to $1,571.60 for plaintiff's deposition transcript[8] and $720.50 for the transcript of Mr. Allen's deposition. (*See* GeoSyntec Motion App., Exhs. D & E.)

**THEREFORE IT IS ORDERED** as follows:

1. That **TIC – The Industrial Company's Motion To Review Taxation of Costs** [#315], filed March 5, 2008, is **GRANTED IN PART** and **DENIED IN PART**:

---

[6] This figure represents $634.10 for the first day of plaintiff's deposition, $309 for the second day, and $785.30 for the final day (*See* TIC Motion App., Exh. 1 (of 1) at 8, 20-21 & 1 (of 3) at 9-10.)

[7] This figure represents $392.90 for a copy of the certified transcript and $59.64 for copies of the attendant exhibits. (*See* TIC Motion App., Exh. 1 at 25.)

[8] This figure represents $931.90 for the first day of plaintiff's deposition, $242 for the second day, and $397.70 for the final day. (*See* GeoSyntec Motion App., Exh. D.)

a. That the motion is **GRANTED** with respect to TIC's claim for costs of the transcripts of the depositions of plaintiff and his damages expert, Garth Allen, and TIC is **AWARDED** $2,180.94 in costs associated with those depositions; and

b. That the motion is **DENIED** otherwise; and

2. That **GeoSyntec's Motion To Review Taxation of Costs** [#319], filed March 18, 2008, is **GRANTED IN PART** and **DENIED IN PART**:

a. That the motion is **GRANTED** with respect to GeoSyntec's claim for costs of the transcripts of the depositions of plaintiff and his damages expert, Garth Allen, and GeoSyntec is **AWARDED** $2,292.10 in costs associated with those depositions; and

b. That the motion is **DENIED** otherwise.

Dated April 16, 2008, at Denver, Colorado

          **BY THE COURT:**

          s/ Robert E. Blackburn
          **Robert E. Blackburn**
          **United States District Judge**